

**GTPC  GARY TSIRELMAN P.C.**

ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

3/19/2021

BY ECF

Honorable Judge Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** *Government Employees Insurance Company, et al., v. Starrett City Medical, P.C., et al.,* **Index No. 1:21-cv-00059; Request for a pre-motion conference**

Dear Judge Garaufis:

    We write on behalf of Defendants Peter Khaim and A&P Holding Group Corp. ("A&P"), (collectively, "GTPC Defendants") to request a pre-motion conference pursuant to Your Honor's Rule IV.A.2 regarding GTPC Defendants' proposed motion to dismiss Plaintiffs' Complaint against them pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). GTPC Defendants set forth the following grounds, among others, for their proposed motion.

    Plaintiffs' Complaint alleges fifty-nine causes of action, including fifty-eight against GTPC Defendants, yet none of the causes of action name any individual GTPC Defendant. Plaintiffs instead lump GTPC Defendants together with six other named Defendants and ten "John Doe Defendants" under the umbrella term "Management Defendants." Plaintiffs allege that this poorly defined group of Management Defendants owned and controlled the Defendant professional corporations in violation of New York law, causing the professional corporations to submit bills to Plaintiffs for treating Plaintiff's insureds for injuries caused by automobile accidents under New York's No-Fault automobile insurance laws and regulations. Plaintiffs allege that these bills are non-reimbursable because the professional corporations are owned by laypersons and because the treatments received were not medically necessary.

    Plaintiffs only make a single specific allegation against Mr. Khaim and his company: that A&P leases office space to Defendant Dr. Ajudua's company Starrett City Medical, P.C. ("Starrett"). Despite this limited allegation, Plaintiffs include A&P and Mr. Khaim in every cause of action for every other professional corporation,

including multiple separate RICO enterprises separate from Starrett and Dr. Ajudua. Plaintiffs otherwise make no attempt to level any individualized allegations against GTPC Defendants and instead make numerous allegations against all the "Management Defendants" as a whole.

Plaintiffs assert four types of causes of action against GTPC Defendants: violations of the RICO Act 18 U.S.C. §§ 1962(c) and 1962(d), common law fraud, and unjust enrichment. Plaintiffs' RICO Act claims are based on alleged predicate acts of mail and wire fraud consisting of Defendants' submission of bills to Plaintiff for treating Plaintiffs' insureds. Plaintiffs fail to adequately state any claim against GTPC Defendants and therefore all claims must be dismissed against GTPC Defendants pursuant to Federal Rule 12(b)(6). Additionally, Plaintiffs' claims for common law fraud and RICO violations predicated on alleged mail fraud must also be dismissed against the GTPC Defendants for failing to satisfy the specificity requirements of Federal Rule 9(b).

Plaintiffs fail to plead that GTPC Defendants participated in the conduct of an alleged RICO enterprise. To establish liability for violations of 18 U.S.C. § 1962(c), Plaintiffs must plead that GTPC Defendants "participate[d] in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). Plaintiffs must specify that GTPC Defendants "conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) (quoting *Reves*, 507 U.S. at 185). Plaintiffs cannot simply group Defendants together to avoid making individual, particularized allegations about their respective roles in the enterprise. *See Franzone v. City of N.Y.*, No. 13-cv-5282 (NG), 2015 U.S. Dist. LEXIS 58199, at *24 (E.D.N.Y. May 1, 2015). Plaintiffs play a shell with their pleadings by making general, conclusory allegations as to the "Management Defendants" as if eighteen individual entities played identical roles in the alleged sprawling enterprises. It is impossible to determine from the Complaint exactly how GTPC Defendants participated in and conducted the affairs of the alleged enterprise.

To adequately plead conspiracy under the RICO Act, a plaintiff must plead that "each defendant by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of a RICO enterprise. *United States Fire Ins. Co. v. United Limousine Serv.*, 303 F. Supp. 2d 432, 453 (S.D.N.Y. 2004) (citing *Allen v. New World Coffee, Inc.*, 2001 WL 293683, at *8 (S.D.N.Y. Mar. 27, 2001). Plaintiffs' allegations of conspiracy fail even if GTPC Defendants knew of or benefited from the alleged scheme because "'mere knowledge of the scheme, even coupled with personal benefit, is not enough to impose liability for a RICO conspiracy.'" *Abbott Labs v. Adelphia Supply USA*, 2017 WL 57802, at *9 (E.D.N.Y. Jan. 4, 2017) (citing *Congregacion de la Mision Provincia de Venezuela v. Curi*, 978

F. Supp 435, 451 (E.D.N.Y. 1997). Plaintiffs do not allege any concrete agreement between GTPC Defendants and any other Defendants other than a lease for office space. Nowhere do Plaintiffs allege "words or actions manifest[ing] an agreement to commit two predicate acts in furtherance of the common purpose of [the alleged] RICO enterprise" on the part of Mr. Khaim. *U.S. Fire*, 303 F. Supp. At 453.

Plaintiffs' common law causes of action must also comply with Federal Rule of Civil Procedure 9(b) and be pleaded with particularity. *See Arabi v. Javaheria*, No. 13 CV 456 (ERK) (CLP), 2016 U.S. Dist. LEXIS 31947, at *31 (E.D.N.Y. Mar. 9, 2016) (citing *Wight v. Bank of America Corp.,* 219 F.3d 79, 91 (2d. Cir. 2000). Plaintiffs here allege no specific facts relating to GTPC Defendants but rather set forth scattershot conclusory allegations against all the "Management Defendants." Such allegations are insufficient to sustain causes of action for common law fraud.

Plaintiffs' unjust enrichment claims against GTPC Defendants must also be dismissed as duplicative of Plaintiffs' claims sounding in RICO and fraud. Under New York law, however, a plaintiff may not state a claim for unjust enrichment by duplicating the allegations underlying a separate tort or contract claim. *See Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014). Plaintiffs blithely repeat the same facts underlying their claims under common law fraud in the causes of action for unjust enrichment.

For the foregoing reasons, GTPC Defendants respectfully request that the Court schedule a pre-motion conference.

Thank you for your consideration of this letter.

Cc: All Counsel via ECF

Respectfully,
/s/ _____
Nicholas Bowers, Esq.
*Counsel for Defendants Named Herein*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201