

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**BARRY I. LEVY**
PARTNER
(516) 357-3149
barry.levy@rivkin.com

March 23, 2021

**VIA ECF**
Honorable Nicholas G. Garaufis
United State District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   Government Employees Insurance Company, et al. v. Starrett City Medical, P.C., et al.
          Docket No.: 1:21-cv-00059-NGG-RML

Dear Judge Garaufis:

I write on behalf of Plaintiffs (collectively "GEICO" or "Plaintiffs") in response to the request by Defendants Peter Khaim ("Khaim") and A&P Holding Group Corp. ("A&P Holding")(collectively, the "Movants") seeking a pre-motion conference in advance of a putative motion to dismiss Plaintiffs' claims pursuant to F.R.C.P. 12(b)(6) and 9(b). See Docket No. 49. For the reasons discussed below, Movants proposed motion lacks merit and is at odds with the well-established precedent.

Notably, Movants neglect to mention a single one of the many similar cases – involving fraudulent schemes involving the ownership and/or control of healthcare professional corporations to implement fraudulent treatment and billing protocols that exploit patients' no-fault benefits for financial gain – in which the judges of this District have found plaintiff-insurers' pleadings sufficient to state a claim for relief under RICO. See e.g. Allstate Ins. Co. v. Ahmed Halima, 2009 U.S. Dist. LEXIS 22443 (denying the layperson defendants' motion to dismiss and holding that the plaintiff-insurer's pleadings satisfied Rule (9)(b)); Government Employees Insurance Co., et al. v. Hollis Medical Care, P.C. et al., 2011 U.S. Dist. LEXIS 130721(holding that the plaintiff-insurer adequately pleaded a RICO claim for relief against layperson defendants).[1]

While avoiding mention of the relevant precedent from this District, Movants' argue that dismissal is warranted because the Complaint fails to plead claims against Movants with the requisite specificity.

---

[1] See also Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 2012 U.S. Dist. LEXIS 86303 at *55-*69; Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C., 2009 U.S. Dist. LEXIS 91291 at *8 - *27; State Farm Mut. Auto. Ins. Co. v. Grafman, 655 F. Supp. 2d 212, 224-231; State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 2008 U.S. Dist. LEXIS 71156 at *32 - *52; Gov't Emples. Ins. Co. v. Parkway Med. Care, P.C., 2017 U.S. Dist. LEXIS 24994, adopted by Gov't Emples. Ins. Co. v. Parkway Med. Care, P.C., 2017 U.S. Dist. LEXIS 43171 (E.D.N.Y. 2017); Allstate Ins. Co. v. Lyons, 2016 U.S. Dist. LEXIS 124383, adopted by Allstate Ins. Co. v. Lyons, 2016 U.S. Dist. LEXIS 138033; Liberty Mut. Ins. Co. et al v. Ellina Matskina, L.Ac. et al., 14-cv-01330 (E.D.N.Y. 2014); GEICO v. Koyfman, 10-CV-5869 (E.D.N.Y. 2010)(Judge Vitaliano warned defendants that his preliminary analysis suggested that the motions were frivolous, and that sanctions would be imposed against the defendants and their attorneys if the motion to dismiss did indeed prove frivolous).

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777



Honorable Nicholas G. Garaufis
March 23, 2021
Page 2

---

Specifically, Movants seek dismissal on the grounds that the pleadings fail to: (i) allege that Movants participated in the conduct of the alleged RICO enterprise apart from being grouped together with Defendants Alexander Gulkarov, LL Consulting Group, Inc. d/b/a Billing 4 You, L.L.C., Roman Israilov, All Network Marketing Corp., and John Doe Defendants "1-10" (collectively with Movants, the "Management Defendants"); and (ii) specifically allege how Movants participated in the conspiracy apart from entering into agreements with other Defendants for office space. Similarly, Movants seek dismissal of Plaintiffs' common law fraud claim on the ground that the pleadings fail to include "specific acts relating to [Movants] but rather set forth scattershot conclusory allegations against all of the 'Management Defendants'."

GEICO's Complaint outlines a detailed scheme involving the Management Defendants (including Movants) and various healthcare professionals (the "Nominal Owner Defendants") and professional corporations (the "Provider Defendants") that operate from clinics located at 105-10 Flatlands Avenue, Brooklyn, New York and 204-12 Hillside Avenue, Hollis, New York (collectively the "No-Fault Clinics"). GEICO's Complaint sets forth in considerable detail that the Defendants knowingly engaged in a fraudulent scheme in which the Nominal Owner Defendants "sold" their licenses to the Management Defendants so that the Management Defendants could fraudulently incorporate, own, and control the Provider Defendants, illegally split fees with them, and used them to implement a fraudulent billing and treatment protocol designed to maximize the Defendants' profits at the expense of patient care – an insurance fraud scheme similar to other schemes at the center of previous federal lawsuits brought against multiple defendants in this case, including Movants and defendants to whom Movants are alleged to have leased office space to, as well as a recent federal indictment issued against Khaim in December 2020. See Doc. No. 1 at ¶¶ 16 and 50-54. Pursuant to this scheme, the Defendants stole approximately $6,000,000.00 from GEICO by submitting fraudulent No-Fault insurance claims for medically unnecessary and illusory healthcare goods and services rendered and billed through the Provider Defendants. Id. at ¶¶ 1-10, 78-497.

The Complaint alleges in detail that the Movants gained control over the No-Fault Clinics by, among other things, causing a certain Provider Defendant to enter into a "lease" agreement with Khaim's company (i.e. A&P Holding) for an exorbitantly high rent that far exceeded fair market value. Id. at ¶¶ 79-94, 217-223. In fact, GEICO's Complaint specifically connects Movants with the other Defendants as well as the fraudulent scheme. For example, the Complaint alleges that A&P Holding, Billing 4 You, and All Network Marketing all operated from 62-43A Woodhaven Boulevard, Rego Park, New York, a location for which A&P Holding held the main lease, and where many of the Nominal Owner Defendants routinely visited in order to meet with the Management Defendants (Id. at ¶ 91).

The Complaint read in the context of the existing precedent makes meritless the Movants' contentions regarding the sufficiency of the Complaint under 9(b). Counsel for Movants has represented defendants in dozens of similar cases over the past many years, is aware of the caselaw and knows full well that the allegations in GEICO's complaint herein are sufficient for purposes of meeting the requirements of Rule 9(b).



Honorable Nicholas G. Garaufis
March 23, 2021
Page 3

---

Further, GEICO has set forth in detail that the NF-3 billing forms submitted by the Defendants to GEICO through the Provider Defendants are false and misleading in that they uniformly misrepresented to GEICO, among other things, (i) the Provider Defendants are lawfully licensed, despite being unlawfully incorporated, owned, and controlled by the Management Defendants and unlawfully splitting fees with the Management Defendants; (ii) the services billed through the Provider Defendants were medically necessary, when in fact they were performed pursuant to a fraudulent treatment and billing protocol designed to maximize Defendants' profits; (iii) the nature and level of the services provided so as to justify the Defendants' submission of inflated charges to GEICO, (iv) the Provider Defendants are lawfully licensed, despite paying illegal kickbacks for patient referrals, and (v) the Provider Defendants were in compliance with all material licensing laws, when in fact the Fraudulent Services were not provided by employees of the Provider Defendants but rather were performed by independent contractors. Id. at ¶¶ 482-483. These allegations are further supported by exhibits that list thousands of fraudulent charges submitted by the Defendants to GEICO in furtherance of their scheme. These exhibits, in conjunction with GEICO's allegations, are sufficient to meet the pleadings standards of Rule 9(b) in that they specifically identify which Provider Defendant the charge was submitted through, the claim number associated with the charge, the date the charge was submitted to GEICO, the date of service of the charge, the billing code associated with the charge, and the total charge amount. Id. at Ex. "1"-"17"; see Halima, supra at *17-*20.

Finally, Movants' argument that Plaintiffs' unjust enrichment claims should be dismissed as duplicative of Plaintiffs' RICO and fraud claims is equally without merit. The courts in this district have consistently concluded in similar no-fault insurance fraud cases that unjust enrichment claims may proceed simultaneously with both fraud and RICO claims. See CPT Med. Servs., P.C., supra at * 53; Halima, supra at *27-*28.

We appreciate the Court's consideration of this letter demonstrating that the points/arguments that Movants intend to raise are legally meritless.

                                      Respectfully submitted,

                                      RIVKIN RADLER LLP

                                      /s/ Barry I. Levy

                                      Barry I. Levy

cc:      All counsel via ECF